# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IRWIN SCHIFF,

    Defendant.

Case Nos. 2:04-CR-00119-1-KJD
           2:09-CV-001274-KJD

**ORDER**

Before the Court is the Amended Motion to Vacate under 28 U.S.C. § 2255 (#600) filed by Defendant Irwin Schiff. The Government has filed a response (#608) to which Defendant replied (#611). The Government also filed a supplemental brief (#612).

I. Background

On March 24, 2004, Defendant, Cynthia Neun, and Lawrence Cohen were indicted. The indictment contained charges for: Count 1, conspiracy to defraud the United States, in violation of 18 U.S.C.§ 371; Counts 2 through 6, aiding and assisting in the filing of false federal income tax returns, in violation of 26 U.S.C. § 7206(2); Count 17, attempting to evade and defeat the payment of

1 | tax, in violation of 26 U.S.C. § 7201; and, Counts 18 through 23, filing false federal income tax
2 | returns, in violation of 26 U.S.C. § 7206(1).

On September 12, 2005, Defendant's jury trial began and on October 25, 2005, after nearly twenty-three days of trial, the jury returned a verdict finding Defendant guilty of Counts 1 through 6 and Counts 17 through 23 (#286).

On February 24, 2006, the Court sentenced Defendant to 151 months' imprisonment, to be followed by three years supervised release, for the conspiracy and tax fraud charges. Defendant was also convicted during his trial for fifteen counts of contempt of court. At the February 24, 2006 sentencing, the Court remitted the punishments for some of the contempt convictions and determined that the total term of imprisonment for the contempt convictions should be 12 months, which was to run consecutively to the 151 months imposed for the conspiracy and tax charges (#390). On March 14, 2006, the Court issued an Amended Judgment (#396).

Defendant appealed his conviction and sentence before the United States Court of Appeals for the Ninth Circuit. During his appeal, he was represented by counsel. In this appeal, Defendant raised numerous issues, including: 1) failure to hold a competency hearing; 2) lack of a knowing and intelligent waiver of the right to counsel; 3) error in summary contempt findings by the Court; 4) imposition of an unreasonable sentence; 5) error in denial of a motion to recuse; 6) insufficiency of the evidence; and 7) cumulative effect of errors by the trial court.

On December 26, 2007, the Ninth Circuit affirmed Defendant's conspiracy and tax convictions. See United States v. Cohen, 262 Fed.Appx. 14 (9th Cir. 2007). However, in a separate opinion, the Ninth Circuit vacated Defendant's contempt convictions due to the Court's failure to file contempt orders for each of those convictions. United States v. Cohen, 510 F.3d 1114, 1119-20 (9th Cir. 2007). The Ninth Circuit remanded the matter to allow this Court to file those orders in proper form, then to reinstate the contempt convictions, and to reimpose punishment for Defendant's disruptive behavior. Id. The Ninth Circuit also ordered that, on remand, any sentence reimposed for the contempt convictions must not exceed 11 months. Id.

Following remand, this Court issued fifteen Orders of Contempt against Defendant for delaying and disrupting the Court, and obstructing the Court in its administration of justice. (#497-512.) On September 5, 2008, the Court re-sentenced Defendant and filed a (second) Amended Judgment on September 8, 2008 imposing 151 months' imprisonment for the conspiracy and tax counts, and 11 months' imprisonment for the contempt of court citations to run consecutively to the 151 months, all to be followed by three years of supervised release. (#544.) On September 17, 2008, Defendant filed his second Notice of Appeal. (#546).

On October 14, 2009, Defendant submitted his opening brief in his second appeal arguing that, pursuant to an intervening case, Indiana v. Edwards, 128 S. Ct. 2379 (2008), the Court should not have allowed him to represent himself. (Appellant's Opening Brief, United States v. Schiff, No. 08-10408, (9th Cir. Oct. 14, 2009)). On June 11, 2010, the Ninth Circuit rejected Defendant's argument in his second appeal, and affirmed his conviction. United States v. Schiff, No. 08-10408, 2010 U.S. App. LEXIS 11971 (9th Cir. Jun. 11, 2010). Defendant filed a petition for writ of certiorari to the United States Supreme Court, which was denied on November 1, 2010. Schiff v. United States, 131 S. Ct. 532 (Nov. 1, 2010).

On October 31, 2011, Defendant filed this amended motion to vacate sentence pursuant to 28 U.S.C. § 2255 (## 600, 601).

II. Discussion

    A. Ineffective Assistance of Appellate Counsel

The familiar two-pronged test defined in Strickland v. Washington, 466 U.S. 668 (1984), controls claims asserting ineffective assistance of counsel. A claim of ineffective assistance of appellate counsel utilizes the same standard. Smith v. Robbins, 528 U.S. 259, 287 (2000). Under the first prong, the § 2255 defendant must demonstrate that counsel's conduct was constitutionally deficient in that it fell below an objective standard of reasonableness. See Id. at 688. In evaluating counsel's performance, courts must not engage in the distorting analysis of hindsight; rather, they must evaluate the reasonableness of counsel's performance within the context of the circumstances at

the time of the alleged errors.  See Id. at 690.  Furthermore, because counsel's competence is presumed, to satisfy this prong, a defendant must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms.  See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986).  To satisfy the second prong, the defendant must demonstrate that counsel's deficient performance prejudiced him.  See Strickland, 466 U.S. at 687.  Typically, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  See Id. at 694.  The burden is undoubtedly on the defendant and unless he proves both prongs, his claims fail.  See Id. at 687.

Defendant seeks relief under § 2255 by claiming that his appellate counsel was ineffective for failing to appeal: 1) the exclusion at trial of evidence of Defendant's mental disorder; 2) the exclusion of evidence Defendant claims would have undermined the government's proof of willfulness; and 3) the sentence imposed for being unlawful.

### B.  Exclusion of Evidence of Mental Disorder

On September 7, 2004, Defendant filed notice (#56) that he may offer expert testimony relating to his alleged "delusional disorder" through Dr. Ortega, Dr. Barry, and attorney William Cohen. Codefendant Cohen similarly filed notice (#152) on June 15, 2005, that he intended to offer expert testimony of Dr. Roitman relating to his narcissistic personality disorder.

On October 21, 2004, the government filed a Motion to Clarify Notice and Compel Defendant Schiff To Submit to Examination by Government's Expert (#61). On November 1, 2004, Defendant filed his Response To Plaintiff's Motion That Schiff Submit to Examintion (sic) By Government Expert (#63). On May 26, 2005, in his Response to Plaintiff's Motion for Second Faretta Inquiry, Defendant first raised the issue of calling Dr. Hayes (#147) and attached a copy of Dr. Hayes's report.  This response was the only form of notice that Defendant would seek to introduce Dr. Hayes' testimony.

On July 12, 2005, the government filed its Motion to Exclude Evidence That Defendant Schiff Suffers From Bipolar Disorder and That Defendant Cohen Suffers From Narcissistic

4

Personality Disorder (#162). Defendant Cohen filed a response in opposition (#165) to the Government's motion to exclude, but Defendant Schiff failed to file any opposition to the Government's motion. On September 9, 2005, this Court tentatively granted the Motion to Exclude (#225).

"[W]here a district court makes a tentative in limine ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial." Tennison v. Circus Circus Enterprises, Inc., 244 F.3d 684, 689 (9th Cir. 2001) (quoting Walden v. Georgia-Pac. Corp., 126 F.3d 506, 518 (3rd Cir. 1997)).

The Court's Order excluding the evidence was tentative. At trial, Defendant asked about admitting Dr. Hayes' testimony and the Court told Defendant that the issue was "open for discussion" and specifically and repeatedly stated that, although it was unlikely to admit Dr. Hayes' testimony, it would defer a final ruling on whether it would admit it until it was before the Court, and told Defendant that he was not precluded from producing Dr. Hayes for voir dire. During the course of the trial, Defendant never attempted to offer Dr. Hayes for voir dire.

Defendant argues that the Court's ruling was not tentative because the written ruling did not explicitly say so. However, the fact that the Court expressly stated that it was still an open question and that it was willing to allow Dr. Hayes to be offered for voir dire, demonstrates that the ruling was tentative. The Court's tentative ruling followed by Defendant's failure to attempt to offer Dr. Hayes' testimony mirrors the situation presented in Tennison. Accordingly, Defendant's appellate counsel did not act in an objectively unreasonable way when he declined to raise an issue on appeal that Ninth Circuit case law expressly precluded him from raising.

Defendant also argues that his appellate counsel must have been ineffective because his co-defendant, Lawrence Cohen, successfully appealed the Court's exclusion of Dr. Roitman's expert

testimony regarding his narcissistic personality disorder.[1] However, unlike Defendant Cohen, Defendant Schiff did not preserve the issue for appeal because he failed to file a proper expert notice for Dr. Hayes, failed to provide any response to the Government's motion to exclude the testimony and did not otherwise object to the ruling. Defendant Cohen's trial counsel not only properly filed notice and opposed the Government's motion to exclude, but also preserved the issue of the relevance of Dr. Roitman's testimony by setting forth on the record the specific reasons he believed the testimony to be relevant. Defendant Schiff provided no explanation for how Dr. Hayes could provide testimony negating mens rea.

Even if Defendant Schiff's counsel had raised the issue on appeal, review of this issue would have been for plain error because Defendant Schiff failed to oppose the motion or object, and not the abuse of discretion standard applied to Cohen. United States v. Sioux, 362 F.3d 1241, 1244 n. 5 (9th Cir. 2004) (plain error review proper when defendant did not "raise the specific objection he now presses").

Defendant's appellate counsel was not objectively unreasonable in failing to argue that the tentative ruling excluding Dr. Hayes's testimony was a plain error. If Defendant's appellate counsel had appealed, the outcome of the proceeding would have been the same because there is no indication that the Ninth Circuit would have determined that the Court's exclusion of this testimony rose to the level of "plain error"or that exclusion of the expert was anything other than harmless. The Ninth Circuit stated that "the evidence of [Defendant Schiff's] guilt was overwhelming, particularly the evidence that he intended to deceive the government through the use of 'zero returns.' A reasonable finder of fact could conclude that each element of the crimes charged was established by the evidence beyond a reasonable doubt." U.S. v. Cohen, 262 Fed.Appx. 14, 16, 2007 WL 4556925, 1 (9th Cir. 2007). Further, the Ninth Circuit's decision about Defendant Cohen does

---

[1] There is no evidence that the Government argued on appeal that Defendant Cohen was barred from raising the issue on appeal pursuant to Tennison and the Court of Appeals did not address Tennison in concluding that excluding Defendant Cohen's expert testimony was an abuse of discretion.

6

not demonstrate that appeal of this issue by appellate counsel for Defendant Schiff would have led to reversal. Dr. Roitman's report about Defendant Cohen stated unequivocally that Defendant Cohen "did not intend to violate the law." The Ninth Circuit put great emphasis on this fact and stated that "[if Dr. Roitman had been allowed to testify to that effect, his testimony would have assisted the trier of fact..." U.S. v. Cohen, 510 F.3d 1114, 1124 (9th Cir. 2007). Dr. Hayes' report about Defendant Schiff contains no such conclusion and accordingly, would not have been helpful to the trier of fact. Accordingly, Defendant's claim of ineffective assistance on this ground fails.

### C. Exclusion of Certain Evidence at Trial

Trial judges have "wide discretion" in determining whether evidence is relevant. United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983). Evidentiary rulings are reviewed for abuse of discretion. United States v. Brooke, 4 F.3d 1480, 1487 (9th Cir. 1993). A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts. U.S. v. Campos, 217 F.3d 707, 710 (9th Cir. 2000). The Court of Appeals will reverse if "it is more probable than not that the error affected the verdict." United States v. Roarer, 708 F.2d 429, 432 (9th Cir. 1983) (internal quotations omitted).

Defendant argues that appellate counsel's failure to appeal the exclusion of certain evidence was a reversible error. According to Defendant, the evidence excluded by the Court was relevant to willfulness and failure to appeal its exclusion was constitutionally ineffective assistance of counsel.

#### 1. Evidence of the Belief of Others about Defendant's Beliefs

The Court specifically told Defendant that testimony by others that Defendant held his beliefs in good faith or that they agreed with Defendant's beliefs was impermissible bolstering and was not permitted by the rules of evidence. Accordingly, the Court excluded the following (1) asking defense witnesses if Defendant had ever done or said anything that caused witness to doubt Defendant actually believed what he taught; (2) the testimony of Robert Wellesley that IRS does not follow the law in collection due process hearings. The Court also limited the testimony of John Turner, former IRS revenue officer, to Defendant's character.

Appellate counsel's decision not to appeal these rulings was not a reversible error because it was objectively reasonable to decline to appeal the Court's rulings on these issues. Under the circumstances, appellate counsel could have had a reasonable belief that the Court was correct in its rulings and acting well within its discretion. The rules of evidence do not require a court to admit lay witnesses testimony about how sincerely a defendant held his belief regarding an obligation to pay income tax. See, e.g. U.S. v. Klein paste, 124 Fed.Appx. 134, 139 (3rd Cir. 2005) (district court "properly limited lay witness testimony on perceptions of [defendant's] sincerity in his beliefs of tax code requirements" because "[how an individual witness may have gauged the depth of [defendant's] conviction has no bearing on the ultimate issue before the jury: whether it found that [defendant's] beliefs satisfied the good faith requirement"). The Court determined that admission of this testimony would not have aided the jury or clarified an issue that the jury otherwise would not have been competent to understand. The Court also determined that the opinions of others in the validity of Defendant's beliefs on tax issues were irrelevant. Finally, although Defendant may have formed some of his beliefs based on what he was told by John Turner, Defendant told the Court that he was calling Turner because Turner initially challenged Defendant's views, was converted to Defendant's way of thinking, and then told him things that "verified" and "supported" Defendant's own beliefs. Accordingly, appellate counsel did not commit reversible error when it declined to challenge the Court's exercise of discretion in excluding this evidence.

Finally, even if Defendant's appellate counsel acted unreasonably in failing to raise the issue, Defendant cannot show prejudice. The Court of Appeals would have determined that any error by the Court was harmless since the jury convicted Defendant after the Court allowed at least two witnesses to provide testimony that Defendant's was sincere in and had support for his beliefs. Specifically, Glenn Murphy told Defendant during testimony "I have not found one thing in this book or in any of the publications or in any tapes that I've got from you that can be disputed." (16Tr. 4286.) Calvin Border testified that he had "no reason whatsoever" to believe that Defendant didn't hold his beliefs truthfully and with sincerity. Accordingly, Defendant cannot show prejudice.

### 2. Testimony of Lawyers and Accountants About Accuracy of Defendant's Beliefs

Defendant alleges that his counsel was ineffective for failing to appeal the Court's ruling preventing him from "attempting to testify that accountants and attorneys had told him that his views on tax laws were correct." The Court permitted Defendant to testify that "[one accountant told me after he read – he was another – he was an enrolled agent – after he read my book, he himself decided he wasn't going to pay income taxes and he felt it would be hypocritical of him." (Tr. 4663.) However, the Court properly sustained as irrelevant and hearsay, an objection to Defendant's testimony that this accountant "went to all his clients and said, look, I believe you have to pay income taxes."[2] (Id.)

Defendant's counsel was not ineffective for failing to raise this issue on appeal because Defendant's testimony regarding what attorneys and accountants told their clients after speaking to him is hearsay and had no relevance to any issue before the jury and the Court acted within its discretion to exclude it. Further, had Defendant's appellate counsel raised this issue, the outcome of the proceeding would not have changed.

### 3. Legal Materials

A district court should exclude evidence of what the law is or should be, since such legal determinations are the province of the court. United States v. Poschwatta, 829 F.2d 1477, 1483 (9th Cir.1987). However, the Ninth Circuit has held that in tax cases where willfulness is an element of the offense, courts may admit statutes or case law upon which the defendant claims to have actually relied if it is "relevant to the jury's determination of what a defendant thought the law was." U.S. v. Powell, 955 F.2d 1206, 1214 (9th Cir. 1992).

Defendant argues that his appellate counsel committed reversible error by failing to argue that the Court abused its discretion by excluding the opinions in Merchant's Loan & Trust Co. v.

---

[2] Defendant's testimony was also properly excluded because his statement about the accountant's advice to his clients is a non sequiter with potential to cause confusion to the jury.

9

Smietanka, 255 U.S. 509 (1921), and Pollock v. Farmers' Loan & Trust Co., 158 U.S. 601 (1895), certain sections of the Internal Revenue Code, and an article from the *Journal of Taxation*.

The Court permitted Defendant to introduce evidence and testify extensively about his beliefs and the basis for them. However, as the Court sought to contain Defendant's near-constant attempts to put his interpretation of the tax laws on trial, it necessarily limited material of dubious probative value where there was as substantial danger of unfair prejudice, confusion of the issues, or misleading the jury. There was ample evidence from Defendant's own testimony from which the jury could determine Defendant's state of mind. Accordingly, the Court exercised its discretion to hold that these archaic Supreme Court cases, statutes, and academic articles added nothing to the question of willfulness and presented a real risk that they would be improperly considered as evidence of the validity of Defendant's beliefs. Defendant's appellate counsel was not objectively unreasonable in determining that the Court properly exercised its wide discretion under the circumstances and declining to raise the issue on appeal. Even if Defendant's counsel had raised these issues, there is no indication that the circuit court would have found that there was an abuse of discretion or that more than a harmless error occurred.

### 4. Defendant's Seminars and Books

The Court excluded a videotaped seminar given by Defendant called "Secrets to Living an Income Tax Free Life" and a book authored by Defendant called "The Great Income Tax Hoax." These items were properly excluded by the Court because they stated Defendant's incorrect interpretation of the law, because of the risk of misleading or confusing the jury, and because they were not relevant. Defendant was permitted to testify extensively about his beliefs and there was no allegation that his current beliefs were inconsistent with his prior beliefs. The evidence had no probative value as to willfulness. Based on relevance and possible prejudice the Court acted within its discretion to exclude the evidence. Accordingly, appellate counsel was not ineffective for failing to raise this issue on appeal and there is no showing of prejudice.

### 5. Testimony Regarding Offshore Bank Accounts

Defendant argues that his appellate counsel was ineffective for failing to appeal the Court's exclusion of the testimony of two Freedom Book customers, Robert Eiler and Robert Schulz. The Court permitted Defendant to testify about why he used offshore accounts as part of his extensive testimony about his beliefs. However, the Court properly prevented Defendant from introducing the testimony of Eiler and Schulz about their experience with offshore banks' treatment of IRS levies "as proof that they don't" honor them. (16Tr. 4350-51.) The Court determined that Defendant was attempting to improperly introduce evidence that his beliefs were correct, rather than his basis for forming his beliefs. Accordingly, Defendant's appellate counsel was not unreasonable for failing to challenge the Court's determination. Even if appellate counsel had raised the issue, there is no indication that the results of Defendant's appeal would have been different.

### III. Pronouncement of Sentence

Defendant argues that the Court should "file a second amended judgment which correctly reflects the sentence actually imposed." The Court announced a sentence of 151 months for conviction on various Counts 1-16 and 17-23 of the indictment. However, according to Defendant, when the Court explained the constituent parts of the sentence, the parts only added up to 115 months because the Court did not state that it imposed a sentence on Count 3. Defendant also points to a discrepancy in the amended judgment (#544) which appears to assign a 36-month term of imprisonment on Count 3, with 17 of the 36 months to run concurrently with the terms of imprisonment imposed on Counts 1, 2, and 17 which also adds up to 115.

The relief sought by Defendant is not properly raised in a §2255 motion because it relates to a clerical error that should have been apparent to Defendant immediately. U.S. v. Schlesinger, 49 F.3d 483, 486 (9th Cir. 1994) (nonconstitutional sentencing errors that could have been discovered at the time of sentencing cannot be raised in §2255 motions). Defendant did not file a motion to correct the sentence pursuant to Fed. R. Crim. P. 35 or raise the issue on appeal. To the extent that Defendant argues that his counsel's failure to raise this issue on appeal was a reversible error, he is incorrect.

The transcript of the sentencing unambiguously reflects that the Court's oral pronouncement of the sentence for conviction as a "term of 151 months." According to the transcript, the Court explained how the 151 month sentence was derived as follows:

> 60 months per count for Counts 1 through 17 to run concurrently; 36 months for Count 2 to run consecutively to Counts 1 and 17 for a total of 96 months; 36 months to run concurrently -- or consecutively to Counts 1 through 17 and 2; and 19 months as to Counts -- 36 months as to Counts 4 through 6 and 18 through 23, 19 of which will run consecutively and the remainder to run concurrently.

The Court's speech and language as reflected in the transcript should be interpreted to mean 60 months per count for Counts 1 through 17 to run concurrently; 36 months for Count 2 to run consecutively to Counts 1 and 17 for a total of 96 months; 36 months *for Count 3* to run consecutively to Counts 1, 17 and 2; and 36 months per count as to counts 4-6 and 18-23, 19 of which will run consecutively. The Court has reviewed the script used at Defendant's sentencing. It is completely consistent with this interpretation and is redundant in reflecting a 151 month total sentence for the offenses charged in the indictment. Defendant was also sentenced to 11 months for contempt of court. The Court will issue an amended written judgment that properly reflects the oral pronouncement of sentence.

IV. Conclusion

**IT IS HEREBY ORDERED THAT** Defendant's Motion to Vacate (#600) is **DENIED**.

DATED this 21st day of September 2012.

_____
Kent J. Dawson
United States District Judge